UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| ESTATE OF JOHN STENGLE, By its administrator, Karen Stengle and KAREN STENGLE and NICOLE STENGLE,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE WALGREEN COMPANY d/b/a WALGREENS,<br><br>    Defendant. | 3:20-CV-03001-RAL<br><br><br>ORDER ON PRETRIAL MOTIONS |

Both parties filed motions in limine in this case, Docs. 45, 52, and plaintiffs, the Estate of John Stengle, Karen Stengle, and Nicole Stengle (collectively "the Stengles"), filed a motion for leave to conduct voir dire, Doc. 62. Both parties filed responses to the motions in limine. Docs. 55, 59. This Court held a pretrial conference and motion hearing in this case on July 1, 2021. After having read filings by both parties and hearing argument, this Court ruled from the bench on all pretrial motions. This written order formalizes the Court's reasoning and ruling. As this Court stated on the record, rulings on motions in limine are preliminary and circumstances at trial may prompt a different ruling. However, counsel should approach this Court outside the hearing of the jury if they believe a different ruling is in order.

I. **Defendant's Motion in Limine**

The defendant, Walgreen Company ("Walgreens"), filed a motion in limine along with a memorandum in support thereof. Docs. 45, 46. Walgreens's motion contained four discreet subparts. In the first subpart, Walgreens sought to exclude any evidence, testimony, or argument

concerning Walgreens's breach of the applicable standard of care. Walgreens intends to stipulate that Walgreens owed a duty to John Stengle and that Walgreens breached that duty. Walgreens also indicated that it is abandoning its defense that John Stengle himself was contributorily or comparatively negligent. The only issues remaining before the jury are causation and damages. Accordingly, Walgreens argued that any evidence relating to the errors its pharmacists made in how they filled and re-filled the Amiodarone prescription are irrelevant or unfairly prejudicial and should be excluded. This Court disagreed in part. The jury must understand what happened in this case to decide causation and damages. In particular, the jury will be called upon to determine how much Amiodarone Mr. Stengle ingested, over what time frame, and whether such Amiodarone toxicity was the proximate cause of his death. Such factual issues directly implicate causation and damages. This Court denied Walgreens's motion as to the first subpart, but will await the stipulation and may limit testimony, particularly as it relates to breach of duty.

In the second subpart of Walgreens's motion, Walgreens sought to exclude any evidence, testimony, and argument related to Mr. Stengle's medical and funeral expenses. The Stengles surprisingly had no objection to this request, so this Court granted Walgreens's motion as to the second subpart.

In the third subpart of Walgreens's motion, Walgreens sought to prevent the Stengles from making three different kinds of argument during voir dire and trial. First, Walgreens sought to preclude argument on the truthfulness or credibility of opposing counsel or witnesses. Of course, counsel should not express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or liability of the defendant, United States v. Bentley, 561 F.3d 803, 812–13 (8th Cir. 2009); however, counsel may argue that the evidence suggests that a witness is or is not telling the truth, id. at 813; United States v. Littrell, 439 F.3d 875, 882 (8th Cir. 2006).

Therefore, Walgreens's motion is denied to the extent that it prevents counsel from making appropriate arguments on the credibility and truthfulness of witnesses. Second, Walgreens sought to preclude argument invoking the "golden rule" or the need for the jury to "send a message." Such arguments are indeed inappropriate, and this Court granted the motion, barring either side from engaging in such argument. Third, Walgreens sought to preclude argument relating to community safety rules, needless endangerment, the conscience of the community, and any other "reptile theory" defense. The Stengles may refer to the jury as the "conscience of the community," see U.S. v. Grauer, 701 F.3d 318, 323 (8th Cir. 2012) (prosecutor may say that jury acts as the "conscience of the community"); however, all other such arguments appear to be out of bounds.

Finally, in subpart four of Walgreens's motion, Walgreens sought to prevent the Stengles from offering needlessly cumulative witness testimony. In their response to Walgreens's motion, the Stengles stated that they planned to call fewer than 18 healthcare workers and fewer than 15 family members, acquaintances, and coworkers. Doc. 59. This Court inquired further about the Stengles' witness list at the pretrial conference. The Stengles represented that they intended to shorten their witness list and would present an updated list the morning of trial. This Court will not allow needlessly cumulative witness testimony, so the motion is granted in theory. In practice, this Court will have to decide at trial whether the Stengles are presenting needlessly cumulative witness testimony. In sum, Walgreens's motion in limine is granted in part and denied in part.

## II. Plaintiffs' Motion in Limine

The Stengles filed a motion in limine containing eight subparts. Doc. 52. Walgreens did not object to subparts 1, 2, 3, 4, 7, and 8, though it did ask that this Court's ruling as to subpart 2 be reciprocal. As such, this Court granted the Stengles' motion as to these subparts. The Court also clarified that its ruling on subpart 2 was mutual, noting that neither side may argue that a

3

verdict against their clients would have adverse effects on their clients' well-being. This Court also granted the motion with respect to subparts 5 and 6. In subpart 5, the Stengles sought to preclude Walgreens from importing a higher standard of proof onto the plaintiffs than that required by law. This Court agreed that Walgreens should not engage in any such tactics, though it is proper for Walgreens to assert in its closing argument that the Stengles had presented insufficient evidence to meet their burden of proof by a preponderance or greater weight of the evidence.

In subpart six, the Stengles sought to preclude Walgreens from presenting any evidence, testimony, or argument relating to any alleged causes of the Stengles' damages that are not supported by *disclosed* expert testimony. At the pretrial conference, the Stengles expressed concerns that Walgreens may present evidence that Mr. Stengle's liver damage was caused by his genetic make-up. In response, Walgreens explained that it had disclosed an expert witness who apparently will testify that Mr. Stengle had a family history of liver problems, and it is possible that at least some of the liver damage he suffered is attributable to that family history. While the Court will grant the Stengles' motion, this ruling does not prevent that expert from testifying since his testimony was indeed disclosed to the Stengles. In sum, the Stengles' motion in limine is granted to the extent explained herein.

### III. Plaintiffs' Motion for Leave to Conduct Voir Dire

The Stengles have filed a motion requesting that their counsel be permitted to conduct voir dire. Doc. 62. While this Court did not address this particular motion at the pretrial conference, it did explain that this Court allows counsel to conduct voir dire and has granted an hour per side for such voir dire. Therefore, this motion is granted.

### IV. Conclusion

For the reasons stated herein, it is hereby

ORDERED that Walgreens's motion in limine, Doc. 45, is granted in part and denied in part. It is further

ORDERED that the Stengles' motion in limine, Doc. 52, is granted. It is finally

ORDERED that the Stengles' motion for leave to conduct voir dire, Doc. 62, is granted.

DATED this 6th day of July, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE